Ray L. Wong (SBN 4552)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone:  415.957.3000
Facsimile:  415.957.3001
E-Mail:  rlwong@duanemorris.com

Attorneys for Defendant
TRANSPORT INSURANCE COMPANY

## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WELLS CARGO, INC., a corporation,<br><br>         Plaintiff,<br><br>       v.<br><br>TRANSPORT INSURANCE COMPANY, a corporation, formerly known as Transport Indemnity Company,<br><br>         Defendants. | Case No. 4:08-cv-00491-REB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT** |

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................................1

II.    STATEMENT OF FACTS .................................................................................................3

III.   ARGUMENT ......................................................................................................................4

     A.    THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO THE *WILTON/BRILLHART* ABSTENTION DOCTRINE IN FAVOR OF THE STATE COURT ACTION. ....................................................................... 4

     B.    THIS ACTION SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER. ........................................................................................................ 8

     C.    THIS ACTION SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER TRANSPORT. ......................... 10

          1.    THIS COURT LACKS GENERAL JURISDICTION OVER TRANSPORT. ...................................................................................... 11

          2.    THIS COURT LACKS SPECIFIC JURISDICTION OVER TRANSPORT. ...................................................................................... 11

     D.    IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS ACTION FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND IN THE INTERESTS OF JUSTICE. ............................................................ 14

IV.    CONCLUSION ................................................................................................................15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## Table of Authorities

**Page(s)**

**Cases**

*Ballard v. Savage*
65 F.3d 1495 (9th Cir. 1995)........................................................................11-12

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*
223 F.3d 1082 (9th Cir. 2000)........................................................................ 11

*Brillhart v. Excess Ins. Co. of Amer.*
316 U.S. 491, 62 S.Ct. 1173 (1942) ............................................................. 5

*Burger King v. Rudzewicz*
471 U.S. 462, 105 S.Ct. 2174 (1985) ........................................................... 12

*Core-Vent Corp., v. Nobel Ind. AB*
11 F.3d 1482 (9th Cir. 1993)........................................................................13-14

*Doe v. Amer. Nat'l Red Cross*
112 F.3d 1048 (9th Cir. 1997).................................................................... 12

*Harris Rutzky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*
328 F.3d 1122 (9th Cir. 2003).................................................................... 10

*Int'l Show Co. v. State of Washington*
326 U.S. 310, 66 S.Ct. 154 (1945) ............................................................. 11

*Polido v. State Farm Mut. Auto. Ins. Co.*
110 F.3d 1418 (9th Cir. 1997), *overruled on other grounds by Gov't Employers Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998)....................................................5-6

*Tuazon v. R.J. Reynolds Tobacco Co.*
433 F.3d 1163 (9th Cir. 2006).................................................................... 11

*United Nat'l Ins. Co. v. R&D Latex Corp.*
242 F.3d 1102 (9th Cir. 2001).................................................................... 7

*Wilton v. Seven Falls Co.*
515 U.S. 277, 115 S.Ct. 2137 (1995) ..............................................................2-7

**Statutes**

28 U.S.C. §1391(a) ........................................................................................ 8

28 U.S.C. §1391(a)(1) ..................................................................................... 8

28 U.S.C. §1391(a)(2) ..................................................................................... 9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

28 U.S.C. §1391(c) ........................................................................................................ 9

28 U.S.C. §1404(a) ...................................................................................................... 14

28 U.S.C. §1406(a) ........................................................................................................ 8

U.S.C. §1391(a)(3) ...................................................................................................... 10

## Other Authorities

Fed. R. Civ. P. 12(b)(2) .............................................................................................. 10

Fed. R. Civ. P. 12(b)(3) ................................................................................................ 8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Specially appearing Defendant TRANSPORT INSURANCE COMPANY ("Transport") hereby submits its Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff WELLS CARGO, INC.'s ("Wells Cargo") Complaint for Declaratory Relief and Breach of Contract:

## I.   <u>INTRODUCTION</u>

Transport initially brought suit in California state court, where it was formerly headquartered and allegedly issued the subject insurance policies to Wells Cargo, seeking declaratory relief concerning the existence of the alleged policies (which no party can locate), whether it has a duty to defend and indemnify Wells Cargo for certain environmental losses, and for reimbursement of all non-covered costs now that Transport is defending Wells Cargo under a reservation of rights.  In response, Wells Cargo filed a motion to quash service of summons of the California action for lack of personal jurisdiction.  Before awaiting a determination on that motion, it also filed this retaliatory federal declaratory relief action seeking to obtain more favorable law in the interpretation of the alleged policy, if it even exists.  Wells Cargo's Complaint in this case seeks essentially identical relief as the California action.  After the ruling dismissing the California action for lack of personal jurisdiction over Wells Cargo, Transport filed its suit in Nevada state court, where Wells Cargo is indisputably subject to personal jurisdiction, seeking the same relief as in the California action.[1]

The issues, claims, and parties to this action are the same as those pending in the parallel Nevada state court action, where Wells Cargo resides and has its principal place of business. This action, as is the Nevada state court action, is a "missing insurance policy" case – the parties seek a declaration whether a certain policy was even issued by Transport (from California) to

---

[1] Transport is also considering its options as to an appeal of the dismissal of the California action.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Wells Cargo (in Nevada), and if so, request a determination of the terms and conditions of the policy, and effect thereof. These issues will all be decided in the Nevada state court action, and therefore this Court should exercise its considerably broad discretion under *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137 (1995), to dismiss this federal declaratory relief action and interdependent breach of contract claim (which cannot stand on its own) in favor of the parallel Nevada state court proceeding that has an identity of parties and issues.

In addition to the court's broad discretion to dismiss this action in favor of the state court proceeding, the Court should also dismiss this case because Idaho is not the proper forum – venue is improper and this Court lacks personal jurisdiction over Transport. This is not the case where there is a known policy insuring a known loss in the known forum of Idaho. This case is about whether the policy even exists, and if so, what its terms and conditions require. The fact that Idaho is the site of an environmental problem for which Wells Cargo seeks to manufacture coverage is incidental at best; it is not the true subject of this action. Transport is not a resident of Idaho, does not conduct substantial and continuous business in Idaho, and this action does not arise out of any known contacts directed toward Idaho. Idaho is not the proper forum for a determination of these issues, which will be adjudicated in the state court action in any event.

Wells Cargo's Complaint is a classic example of forum shopping; tellingly, it even alleges that "[u]nder Idaho law," assuming the policy(ies) even exists, the mere sending of the subject environmental notice "letter triggered [Transport's] duty to defend." *See* Dckt. No. 1 (Wells Cargo's Complaint), ¶36. It was not by mere happenstance Wells Cargo chose to litigate in Idaho as opposed to its home state of Nevada. Wells Cargo filed this retaliatory federal declaratory relief action seeking adjudication of the same exact issues and claims as in the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

parallel state court actions in an effort to obtain what it perceives to be more favorable law.  This Court should dismiss Wells Cargo's Complaint in favor of the Nevada state court action.

## II.   STATEMENT OF FACTS

Wells Cargo engaged in certain mining activities in Idaho in the 1960s that gave rise to its current environmental liability.  Wells Cargo also conducted mining activities in California during this same period of time.  *See* Declaration of Ray Wong ("Wong Decl.").   The United States Forest Service eventually issued a letter to Wells Cargo naming it as a Potentially Responsible Party for the release of hazardous substances at the Idaho site ("PRP Letter").  *See* Dckt. No. 1, ¶¶6-13.

Wells Cargo contends that Transport, when it was based in California, issued insurance policies to Wells Cargo in Nevada that would cover its Idaho environmental liability. *See id.* at ¶¶14-19.  However, neither Transport, nor Wells Cargo itself, can locate such a policy. *See id.* Regardless, Wells Cargo tendered its defense and indemnity with respect to its environmental liability to Transport.  *See id.* at ¶¶20-26.  Transport agreed to defend Wells Cargo subject to a reservation of rights, maintaining that Transport's obligations, if any, are at best uncertain.  *See id.*; *see also* Wong Decl.

To determine the existence of the alleged policies and the parties rights and obligations thereunder, Transport filed a declaratory relief action in California state court, where it was headquartered at the time of the alleged issuance of the policy from California to Wells Cargo in Nevada.  *See* Ex. 1 (California Complaint), Wong Decl.  Transport asserted declaratory relief claims concerning a determination of (1) the existence of the policies and their material terms and conditions, (2) that it has no duty to indemnify Wells Cargo, (3) that it has no duty to defend the site environmental notice, and (4) for restitution and reimbursement of all non-covered costs

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

it has and/or will incur in connection with its defense of Wells Cargo under a reservation of rights. *See* Ex. 1, Wong Decl. Transport maintains that the California forum remains the best forum to resolve whether a California contract was issued in California.

In response to the California action, Wells Cargo moved to quash service of summons for lack of personal jurisdiction. *See* Wong Decl. In addition, long before a decision on that motion was issued, Wells Cargo filed this action asserting the identical claims as asserted in the California Complaint (just the converse thereof). *See* Dckt. No. 1; Ex. 1, Wong Decl. Wells Cargo also added a breach of contract claim which is essentially a restatement of its declaratory relief claims. *See* Dckt. No. 1.

After jurisdictional discovery and further briefing, the California court dismissed Transport's California Complaint for lack of personal jurisdiction over Wells Cargo, and Transport filed its Complaint in Nevada where Wells Cargo is unquestionably subject to personal jurisdiction. *See* Ex. 2 (Nevada Complaint), Wong Decl. Transport's Nevada Complaint asserts the same causes of action as its California Complaint. *See* Ex. 1, 2, Wong Decl. And the same parties and same issues and claims will be decided in the parallel Nevada state court action as are at issue here.

## III.   ARGUMENT

### A.   THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO THE *WILTON/BRILLHART* ABSTENTION DOCTRINE IN FAVOR OF THE STATE COURT ACTION.

A federal court's broad discretion to abstain in declaratory relief actions empowers it to dismiss such actions in favor of similar pending state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-289, 132 L. Ed. 2d 214,115 S.Ct. 2137 (1995). Identity of parties and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

issues is not essential to dismissal (though it exists here); even an overlap of factual questions between the two actions suffices and a federal court may decline declaratory relief jurisdiction even if one of the parties to the federal suit is not a party to the state court proceedings. *See Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), *overruled on other grounds by Gov't Employers Ins. Co. v. Dizol,* 133 F.3d 1220, 1224 (9th Cir. 1998).

Dismissal here is particularly appropriate because not only is there an overlap of factual questions between this case and the state court action – the parties and the issues are in fact the same. The facts relied upon in this action are the same facts and issues at issue in the Nevada state court action (and the same from the California state court action still subject to appeal).

The Supreme Court has long held that it is uneconomical and vexatious for federal courts to proceed with a declaratory judgment suit where another similar suit is pending in state court. *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 495, 62 S.Ct. 1173 (1942). "[W]here another suit involving the same parties and presenting the opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory relief action to proceed." *Wilton,* 515 U.S. at 283, *quoting Brillhart,* 316 U.S. at 495. "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart,* 316 U.S. at 495.

Whether the federal action or the state court action was filed first is not the relevant consideration, though here, Transport still filed first in (California) state court. In *Wilton,* the insurers filed a federal declaratory relief action, and the insureds then filed a state court action and sought to dismiss or stay the federal suit. 515 U.S. 277. The Supreme Court still stayed the federal action in favor of the state court action though it was filed second. *Id.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In deciding whether to dismiss a federal declaratory relief action, the court should instead examine the scope of the pending state court proceeding and the nature of defenses open there, which "entails a consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, and whether such parties are amenable to service of process." *Wilton,* 515 U.S. at 283.  Here, both Wells Cargo and Transport are parties to the Nevada action, Wells Cargo is certainly subject to service of process in its home state of Nevada, and the claims of both parties will be adjudicated in Nevada state court.

In addition, when determining whether the court should dismiss the federal declaratory relief action in favor a state court proceeding, it should: (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum-shopping; and, (3) avoid duplicative litigation.  *Gov't Employers Ins. Co., supra,* 133 F.3d at 1225.  In fact, if the parallel state proceedings are pending at the time the federal action is filed, there is a presumption that the suit should be heard in state court.  *Id.*  Indeed, federal courts generally should decline to entertain "reactive" declaratory actions.  *Id*.

Here, Wells Cargo filed its federal complaint in retaliation for the California state court action long before it was dismissed.  Instead of filing suit in the state of its residence (Nevada), Wells Cargo transparently filed suit in Idaho in an attempt to obtain what it presumably perceives as a more favorable forum in federal court on the same issues being litigated in the California state court action and the now pending Nevada state court action.  This violates the fundamental principles against parallel federal declaratory relief actions where a similar state court action is pending.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

First, it is clear that this Court can avoid the needless determination of state law by not exercising its jurisdiction over Wells Cargo's declaratory relief and interdependent breach of contract claim. The precise state law issues at stake in the present case are the subject of the parallel state court action. Second, this Court should discourage Wells Cargo's forum-shopping by dismissing its Complaint. The reactive nature of Wells Cargo's federal declaratory relief suit justifies dismissal. And third, the policy of avoiding duplicative litigation would be frustrated by permitting the federal declaratory relief claim during the pendency of the state court action because the federal claim is virtually the mirror image of the state court action. The issues will be resolved in Nevada, and should not duplicatively proceed here.

In addition to dismissing Wells Cargo's declaratory relief claims, this Court is likewise empowered and should dismiss Wells Cargo's interdependent breach of contract claim, which really is just the declaratory relief claims restated. In a *Wilton* determination, Courts should also dismiss the non-declaratory relief claims where they are not "independent" of the declaratory relief claims. *United Nat'l Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1112-1113 (9th Cir. 2001). An "independent" claim is one that would continue to exist if the request for a declaration simply dropped from the case. *Id.*

Here, if it is declared no policy exists, there can be no breach of contract; if a policy is deemed to exist, the breach of contract claim still depends on the declaration of the terms and conditions of the policy. Wells Cargo's breach of contract claim is not independent of its declaratory relief claims, but instead, is directly dependent thereon. If the declaratory relief claim were dropped, the breach of contract claim is not viable.

Therefore, this Court should dismiss Wells Cargo's Complaint for declaratory relief and breach of contract in favor the Nevada state court action, (or in the alternative stay this action

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

pending resolution of the Nevada state court action), because the same issues are being litigated in both suits.

**B.      THIS ACTION SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER.**

Complaints are subject to dismissal for improper venue.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a).  28 U.S.C. §1391(a) provides the test for proper venue in this diversity action:

> A civil action wherein jurisdiction is founded only upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, venue is improper because: (1) Transport does not reside in Idaho; (2) the substantial events giving rise to Wells Cargo's claims occurred in California or arguably Nevada, but Idaho property is not the subject of Wells Cargo's Complaint – the alleged existence of an insurance policy, and if so, the interpretation of its terms are the subject of this action; and, (3) there are other districts where this action may have been brought, and in any event, Transport is not subject to personal jurisdiction in this Court.

First, Transport is not a resident of Idaho.  *See* 28 U.S.C. §1391(a)(1).  Transport is a corporation organized under the laws of Ohio, with its principal place of business in Rhode Island.  *See* Dckt. No. #1 (Idaho Complaint), ¶3; Ex. 2 (Nevada Complaint), ¶2, Wong Decl.  Even at the time of the alleged issuance of the policy(ies) at issue, Transport was known as Transport Indemnity Company, organized under the laws of California with its principal place of business in California.  *See* Wong Decl.  Although Wells Cargo alleges Transport is licensed to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

do business in Idaho as a basis for venue (*see* Dckt. No. 1, ¶5), that does not equate to Idaho residency, even if true.  Though, for purposes of venue, a corporate defendant is deemed to reside where it is subject to personal jurisdiction (*see* 28 U.S.C. §1391(c)), as discussed below at Section III(C), this Court lacks personal jurisdiction over Transport.

Second, the "substantial" part of the events giving rise to the claims at issue – whether a policy was issued, and if so, the rights and obligations of the parties thereunder – did not occur in Idaho.   *See* 28 U.S.C. §1391(a)(2).  The alleged negotiations, issuance of the policy, and related events would have all took place in and toward California, and the alleged policy would have been sent to Wells Cargo in Nevada.

Wells Cargo attempts to backdoor venue in Idaho by alleging "the property that is the subject of the action is situated in this judicial district" (*see* Dckt. No. 1, ¶5), but the site of the environmental problems is tangential at best and not the subject of this action; the existence and terms of the alleged missing policy are the real subject of this action.  Idaho's connection is incidental at best, as evidenced in part by, *inter alia*, Wells Cargo allegation that the purported coverage was "comprehensive" (*see* Dckt. No. 1, ¶14), not Idaho project-specific coverage.  The loss could have occurred anywhere falling under the alleged broad-based coverage; indeed, Wells Cargo was mining in California at the same time, and the "missing policy" claims could have as easily resulted from those activities.  *See* Wong. Decl.  Tempered with the fact that this is not a case where a known policy insuring a loss in Idaho even exists, venue is particularly improper under this rationale.

Third, this action could have been brought by Wells Cargo in another district such as in California, Nevada, Ohio, or Rhode Island, but even if venue were improper there too, personal

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

jurisdiction over Transport is lacking in this Court, and thus venue is improper either way. *See* 28. U.S.C. §1391(a)(3).

This court should therefore dismiss this action due to improper venue and allow the state court action on the same claims and issues to proceed.

### C.     THIS ACTION SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER TRANSPORT.

This Court lacks personal jurisdiction over Transport because Transport does not conduct substantial and continuous business in Idaho and the subject claims do not arise out of, or sufficiently relate to, any contacts Transport directed toward Idaho.  Further, it would be unreasonable to exercise personal jurisdiction over Transport with respect to this particular action because, *inter alia*, this is not a case where there is an insurance policy in existence issued by Transport insuring a loss in Idaho, as is customarily the case for the assertion of personal jurisdiction over an insurer; rather, the case is about whether the policy even exists.  It would be unreasonable to haul Transport into Idaho court on the off-chance it may have issued such a policy, and if so, on the further chance that the terms and conditions of the policy might potentially cover Wells Cargo's losses, especially since the issues can and will be litigated in another court.  Therefore, this Court should dismiss this action.  *See* Fed. R. Civ. P. 12(b)(2).

Wells Cargo must make a prima facie showing of jurisdictional facts to withstand a motion to dismiss for lack of personal jurisdiction. *Harris Rutzky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).  In deciding whether a prima facie case has been made, the uncontroverted allegations in Wells Cargo's Complaint are taken as true. *Id.* However, Transport does not have the requisite "minimum contacts" with Idaho such that the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Show Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

The analysis of personal jurisdiction is separated into two inquiries, general and specific jurisdiction.

### 1.    This Court lacks General Jurisdiction over Transport.

General jurisdiction is proper where a defendant's contacts with the forum are "substantial" or "continuous and systematic" such that he can be hauled into court in the forum for any action. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Wells Cargo cannot establish general jurisdiction over Transport. Though there is no precise checklist in evaluating general jurisdiction, the court considers the nature and extent of the contacts to determine whether they are substantial. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). Transport does not maintain offices in Idaho, is not organized under its laws, does not have its principal place of business there, and is not even alleged to conduct substantial business activities in Idaho. *See* Dckt. No. 1; *see also* Wong Decl. There is thus no general jurisdiction over Transport in Idaho.

### 2.    This Court lacks Specific Jurisdiction over Transport.

Wells Cargo cannot demonstrate specific jurisdiction over Transport either. Specific jurisdiction over a non-resident defendant is only proper where: (a) the non-resident defendant performs some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections; (b) the claim must sufficiently arise out of or result from the out of state defendant's forum-related activities; and (c) the exercise of jurisdiction must be reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Wells Cargo cannot meet all three requirements.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### a.     Transport did not purposefully avail itself of this forum.

Wells Cargo cannot demonstrate Transport purposefully availed itself of the benefits and protections of the Idaho forum. The only relevant contact in Idaho is Wells Cargo's mining activities, but that is Wells Cargo's contact, not Transport's. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985). In contrast, the only Idaho-related contact alleged relevant to Transport is the possibility that it may have issued a policy whose coverage might have included Wells Cargo's mining activities in Idaho in the 1960s. This very "attenuated," potential contact is not sufficient purposeful direction. *See id.*, 471 U.S. at 542.

### b.     Wells Cargo's claims do not sufficiently relate to Transport's forum-related conduct.

Wells Cargo cannot show that the claims sufficiently arise out of or relate to Transport's forum-related activities. The Ninth Circuit uses a "but-for" test to determine whether a claim arises out of a defendant's forum-related activities. *Ballard*, 65 F.3d at 1500. But activities that are "too attenuated" do not satisfy the "but for" test. *See Doe v. Amer. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). The possibility Transport may have issued a policy that might afford coverage is too attenuated and removes this case from the normal line of insurance coverage cases where there are known, existing policies.

### c.     At a minimum, the exercise of jurisdiction is unreasonable.

The remote possibility that Transport may have issued a policy that might cover Transport's Idaho mining activities is insufficient to render the exercise of jurisdiction over Transport reasonable. The Ninth Circuit analyzes reasonableness under the following seven

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

factors: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant in defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp., v. Nobel Ind. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).  No one factor is dispositive; the court must balance them all. *Id*. at 1488.  Here, the exercise of jurisdiction would not "comport with fair play and substantial justice." *See id*. at 1487.

"Even if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction." *Id*. at 1488.  Transport's "degree of interjection" into Idaho is particularly remote, if indeed it even exists.  "[T]he smaller the element of purposeful injection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id*.

The burden for Transport of litigating in Idaho is apparent, as it is not located there, does not conduct activities there, nor does it have counsel located there.  Indeed, it is even burdensome for Wells Cargo to be litigating the case in Idaho, just as it claimed in the California action that litigating in the Los Angeles Superior Court was too burdensome (but which is closer in proximity to Wells Cargo than this Court).  *See* Ex. 3, (Wells Cargo's Supplemental Reply In Support of Motion to Quash), 7:16-18 ("…it is equally burdensome for Wells Cargo to participate in litigation with Transport in either California or in Idaho.  Neither forum is particularly convenient …"), Wong Decl.

Idaho does arguably have an interest in adjudicating this action, given that the site of the environmental problems is in Idaho.  However, this is a tangential aspect of this "missing policy"

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

case, and the interests of adjudicating these claims concerning the existence and terms of a policy issued from California to a Nevada insured is much stronger in other forums.

The most efficient resolution of this controversy is not in Idaho whose connection is tenuous to the real claims at issue. In evaluating this factor, the court looks "primarily at where the witnesses and the evidence are likely to be located." *Core-Vent. Corp.,* 11 F.3d at 1489. The lion's share of the witnesses and evidence are not in Idaho. The only relevant piece of evidence from Idaho is the PRP Letter; everything and everyone else is in other forums.

Finally, an alternative forum exists, and in fact, the same claims and issues are pending in another forum. *See* Ex. 2, (Nevada Complaint), Wong Decl. Wells Cargo cannot show that its claims cannot be effectively remedied in Nevada or elsewhere. *See id.* at 1490.

This Court should therefore dismiss this action. Wells Cargo cannot demonstrate that Transport purposefully availed itself of the Idaho forum, nor can Wells Cargo demonstrate that the potential contact toward Idaho, if any, sufficiently relates to the claims at issue. But even if it could, at a minimum, the exercise of personal jurisdiction over Transport is unreasonable.

**D.     IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS ACTION FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND IN THE INTERESTS OF JUSTICE.**

In the alternative to dismissing this action pursuant to the *Wilton/Brillhart* abstention doctrine, improper venue, or lack of personal jurisdiction, Transport requests this Court otherwise transfer the action to Nevada. "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Since this is a case of a missing or non-existent policy, the majority of Wells Cargo's witnesses and evidence are not in Idaho, but rather, in Nevada. Indeed, Wells Cargo is located and has its principal place of business in Nevada, and does not maintain offices and employees in Idaho. The PRP Letter is in essence the sole piece of evidence even related to Idaho, and thus, Nevada is a more convenient forum, especially for Wells Cargo. The interests of justice favor a transfer of venue to Nevada especially in light of the unique circumstances of this "missing policy" case.

## IV.    CONCLUSION

Transport respectfully requests the following relief in this Motion:

1.      This Court should exercise its considerable discretion and dismiss this retaliatory federal declaratory relief action and interdependent breach of contract claim in favor of the pending state court action pursuant to the *Wilton/Brillhart* abstention doctrine. Dismissal in this context is particularly appropriate where, as here, there is a complete identity of parties and issues and the federal action was filed in direct response to a state court action. In the alternative to dismissal, Transport requests this Court stay this action pending the outcome of the parallel state court proceeding;

2.      This Court should dismiss this action for improper venue because: Transport is not a resident of this district; the substantial part of the events relevant to the claims at issue did not occur in this district; and, there are other district(s) in which this action may have been brought;

3.      This should dismiss this action for lack of personal jurisdiction because: Transport did not purposefully avail itself the benefits and protections of this forum; Transport's forum- related activities, if there be any, are not sufficiently related to the claims at issue; and, at

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

a minimum, the exercise of jurisdiction would be unreasonable, especially since this is not a case where even Wells Cargo is sure whether a policy was issued, and because the claims will be fully adjudicated elsewhere;

4.      In the alternative to dismissal for the above three reasons, Transport requests this Court transfer the action to Nevada in the interests of justice, and for the convenience of parties and witnesses.

For the foregoing reasons and arguments, Transport respectfully requests dismissal of this action.

Dated: August 11, 2009              DUANE MORRIS LLP

By:         /s/ *Ray L. Wong*
               Ray L. Wong

Attorneys for Defendant
TRANSPORT INSURANCE COMPANY

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**