IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WELLS CARGO, INC., a Nevada Corporation, | Case No. CV-08-491-E-BLW |
| Plaintiff, | **CASE MANAGEMENT ORDER** |
| v. | |
| TRANSPORT INSURANCE COMPANY, an Ohio Corporation, | |
| Defendant. | |

In accordance with the stipulated litigation plan and agreements reached in the telephone scheduling conference held between counsel and the Court on **January 7, 2010**, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED that the following recitation of deadlines and procedures shall govern this litigation:

## SUMMARY OF LITIGATION PLAN

This matter will be litigated in two phases. The first phase will address issues relating to the existence and terms of certain of the insurance policies allegedly issued by Transport to Wells Cargo, for which neither party has been able to locate complete copies (hereinafter referenced as "the missing policy issue[s]").

**Case Management Order - 1**

Upon resolution of the Phase I missing policy issues, the parties will confer with the Court regarding whether the case is in a position to proceed with the filing of dispositive motions on the issues of: (1) whether Transport has a duty to defend Wells Cargo for the underlying environmental proceeding under the Transport insurance policies; and (2) the applicable law that will be applied to the insurance policies.

Upon resolution of the Phase I missing policy, duty to defend, and choice of law issues, the parties and the Court will confer regarding whether Phase II issues involving Transport's duty to indemnify Wells Cargo for any settlement or judgment in the underlying environmental proceeding or other coverage issues are ripe for adjudication.

## PHASE ONE - MISSING POLICIES

1. **RULE 26 INITIAL DISCLOSURES**:

The Parties shall serve initial disclosures pursuant to FRCP 26(a)(1) by **February 5, 2010**. As part of its initial disclosures, Wells Cargo will provide information to Transport regarding commercial general liability policies and excess liability policies issued to Wells Cargo from 1985 to the present, and policies not issued to Wells Cargo but on which Wells Cargo is listed as an additional insured for liabilities arising out of the site at issue in the underlying environmental

**Case Management Order - 2**

proceeding, to the extent that information exists.

2. <u>JOINDER OF PARTIES/AMENDMENT OF PLEADINGS CUT-OFF DATE</u>:

The parties shall have until **April 6, 2010** to join additional parties and/or amend their pleadings pursuant to the applicable Federal Rules, subject to a party's right, upon a showing of good cause, for a reasonable extension of time.

3. <u>DISCOVERY CUT-OFF DATE</u>:

Fact discovery on the missing policy issues will last for four months, with a missing policy fact discovery cut-off date of **June 4, 2010**.

Fact discovery during this time frame will be limited solely to the missing policy issue. However, either party may file an appropriate motion with the Court seeking leave to conduct a 30(b)(6) deposition on other issues upon a showing of good cause, including but not limited to the preservation of evidence. Nothing in this Order shall be construed to mean that fact discovery related to issues or claims other than the missing policy issues shall close on June 4, 2010. Such other fact discovery will be conducted pursuant to further orders of the Court.

4. <u>EXPERT TESTIMONY DISCLOSURES AND DISCOVERY</u>:

To the extent expert discovery pertaining to the missing policy issues may be required, the parties shall simultaneously disclose their experts pursuant to FRCP 26(a)(2) on **June 4, 2010**. Rebuttal experts, if any, shall be simultaneously

**Case Management Order - 3**

disclosed on **June 18, 2010**. Expert discovery on the missing policy issue will last for approximately one month, with a cut-off date of **July 9, 2010**.

5.  DISPOSITIVE MOTIONS FILING CUT-OFF DATE:

Dispositive motion briefing on the missing policy issues shall be expedited so that it is completed within six weeks. The parties shall file dispositive motions on the missing policy issues by **July 30, 2010**. Opposition briefs shall be filed by **August 27, 2010**. Reply briefs shall be filed by **September 10, 2010**. Oral argument on the dispositive motions pertaining to the missing policy issues will be held on **October 8, 2010 at 9:00 a.m.** The Court will issue its ruling on the dispositive motions pertaining to the missing policy issue within thirty days following oral argument.

6.  TRIAL DATE:

Upon resolution of the dispositive motions, the Court will hold a telephonic scheduling conference to confer with the parties regarding the scheduling of any trial, if necessary.

7.  ADR PLAN FILED WITH ADR COORDINATOR:

Unless a prior request is made by either party, the Court will address the issue of an ADR Plan with the parties at a scheduling conference to occur during the week of June 7, 2010, upon completion of fact discovery.

**Case Management Order - 4**

## DUTY TO DEFEND AND CHOICE OF LAW

Within thirty days after resolution of Phase I of the litigation, the Court will conduct a telephonic scheduling conference to discuss whether the case is in a position to proceed with the filing of dispositive motions on the issues of: (1) whether Transport has a duty to defend Wells Cargo for the underlying environmental proceeding under the Transport insurance policies; and (2) the applicable law that will be applied to the insurance policies. During that conference, the Court will consider the parties' respective positions regarding whether discovery on these issues is necessary. In the event the Court decides to proceed with briefing on those issues, the Court will set an expedited briefing and hearing schedule.

It will be the parties' duty to contact the Court following resolution of Phase I to request the exact time and date of the telephonic scheduling conference.

## PHASE TWO - INDEMNITY AND OTHER COVERAGE ISSUES

Within thirty days after resolution of dispositive motions pertaining to the duty to defend and choice of law, the Court will conduct a telephonic scheduling conference to discuss a litigation schedule for Phase II. During that conference, the parties and the Court will jointly consider whether Phase II of the litigation - pertaining to the issue of indemnification by Transport for any potential liabilities

**Case Management Order - 5**

Wells Cargo may incur following resolution of the underlying environmental proceeding and other possible coverage issues - is ripe to begin. The parties and the Court will consider whether it is appropriate to begin discovery on the issue of indemnification, or whether all litigation relating to indemnification should remain postponed until the resolution of the underlying environmental proceeding. To the extent it deems necessary, the Court may order briefing on the prematurity issue.

## **GENERAL INFORMATION AND PROCEDURES**

8. <u>Law Clerk</u>:

If counsel has a procedural or legal question that needs to be brought to my attention, please contact Jeff Severson, the law clerk assigned to this case at (208) 334-9027.

9. <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

    a.    I will **<u>not</u>** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions.  I will keep these motions on my own docket.

        b.    The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

        c.    In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate

**Case Management Order - 6**

the parties' dispute.  To facilitate that mediation, the attorneys will first contact Jeff Severson, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions.  Mr. Severson may be able to offer suggestions that will resolve the dispute without the need of my involvement.  If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible.  I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference.  I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

d. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

**Case Management Order - 7**

10. <u>Calendaring Clerk</u>:

With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

DATED: **January 19, 2010**

B. LYNN WINMILL
Chief Judge
United States District Court

**Case Management Order - 8**