UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WELLS CARGO, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORT INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. 1:08-CV-00491-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Transport Insurance Company's Motion for Continuance Under Rule 56(d) (Dkt. 89). For the reasons explained below, the Court will deny the motion.

**LEGAL STANDARD**

The Court may postpone deciding a motion for summary judgment in order to give the nonmoving party more time to gather evidence. Fed.R.Civ.P. 56(d). Rule 56(d) requires that the nonmovant show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

**ANALYSIS**

Pending before the Court are cross-motions for summary judgment addressing the following issues: (1) whether Transport has a duty to defend Wells Cargo in the

underlying environmental proceeding under the Transport policies; (2) whether the amounts associated with and paid in connection with the Remedial Investigation and Feasibility Study ("RI/FS") constitute defense costs or indemnity costs under the terms of the Transport policies; and (3) the applicable law that will be applied to the two foregoing issues. Transport contends that it needs to conduct discovery in order to appropriately oppose Wells Cargo's motion for summary judgment on these three issues. Transport supports its Rule 56(d) motion with the affidavit of counsel.

1.  **Choice of Law**

First, Transport contends that it needs to conduct discovery regarding the choice of law issue. Transport appears to agree that Idaho has adopted the Restatement (Second) of Conflict of Laws, § 193. Section 193 states that insurance coverage disputes are governed by the law of the state which the parties understood was to be the principal location of the insured risk unless some other state has a more significant relationship under the principles stated in Sections 6 and 188. Transport focuses its arguments on Section 188, which states that the Court must primarily consider the following: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. REST 2d CONFL § 188.

Transport argues that it has not been allowed to conduct any discovery in this case regarding any of these factors. Transport contends that discovery would provide

admissible evidence that the place of contracting and the place of negotiation was California, that the place of performance was California, and that the location of the subject matter of the Transport policies was California.

Although Transport may not have conducted discovery on these matters in this case, Wells Cargo points out that the court granted Transport an opportunity to do such discovery during jurisdictional discovery in the preliminary case filed in California. Before dismissing that action for lack of jurisdiction, the court permitted Transport to conduct discovery related to Wells Cargo's contacts with California. Wells Cargo has provided the Court with evidence that Transport took advantage of that discovery opportunity. *Michael Decl.*, Exs. 1-7, Dkt. 92-2. Therefore, Transport has not been denied an opportunity to gather sufficient information supporting its argument on the choice of law issue.

With respect to Section 6, Transport limits its argument to a claim that discovery will also disclose the parties' justifiable expectations of what law should apply. However, Wells Cargo correctly points out that comment g to Section 6 indicates that "[g]enerally speaking, it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state." REST 2d CONFL § 6, cmt. g. Here, there does not appear to be any dispute that Transport insured Wells Cargo in multiple states, suggesting that Transport did not mold its conduct to any particular state. Discovery on this issue would do nothing here. Presumably, that is why Transport makes little of this argument, other than to state that discovery will disclose the parties' justifiable expectations. Accordingly, the Court

finds that Transport has not provided sufficient specified reasons why it cannot present facts essential to justify its opposition to the motion for summary judgment related to the choice of law issue.

2.      **Duty to Defend**

Transport next argues that it needs to conduct discovery on factual issues related to whether Transport has a duty to defend Wells Cargo in connection with the United States Forest Service administrative proceeding related to the North Maybe Mine. Transport argues that it must conduct discovery because the Forest Service initiated the underlying proceeding by a PRP letter rather than a complaint filed in court. Transport argues that without a complaint, it does not know the nature of the Forest Service's allegations.

The Ninth Circuit has concluded that a PRP letter is similar to a complaint and the effective commencement of a "suit" which triggers the duty to defend. *Aetna Cas. & Sur. Co., Inc. v. Pintlar Corp.*, 948 F.2d 1507, 1517 (9th Cir. 1991). In *Aetna*, the Ninth Circuit held that the EPA's administrative claims against an insured triggered the insurers' duty to defend. *Id*. The Ninth Circuit noted that coverage should not depend on whether the EPA chose to proceed with its administrative remedies or go directly to litigation. *Id*. Further, the Ninth Circuit stated that "[t]he rationale behind defending insureds when a complaint has been filed is that, traditionally, that is when the jeopardy to the insureds' rights can be adversely affected." *Id*. at 1517-18. However, the "focus should be on the underlying rationale and not on the formalistic rituals. If the threat is clear then coverage should be provided. The filing of an administrative claim is a clear signal that legal action is at hand." *Id*. Thus, Transport's argument that it must conduct discovery because the Forest Service initiated the underlying proceeding by a PRP

letter rather than a complaint is unpersuasive.

Transport also argues that it must conduct discovery to develop extrinsic evidence regarding the meaning of "suit." Transport raises a concern that if Wells Cargo asserts that the meaning of "suit" is ambiguous, it becomes a question of fact. Transport suggests that discovery is needed to rebut any assertion of ambiguity in the Transport policy. As argued by Wells Cargo, this suggestion disregards Idaho law that ambiguities in an insurance policy "should be construed in favor of the insured, and where language may be given two meanings, one of which permits recovery while the other does not, the policy should be given the construction most favorable to the insured." *Cherry v. Coregis Ins. Co.*, 204 P.3d 522, 524 (Idaho 2009).

Finally, Transport seeks discovery suggesting that Wells Cargo did not request a defense with an earlier administrative proceeding concerning a trucking terminal. Transport contends that discovery of this nature would provide evidence that Wells Cargo understood the term "'suit" only refers to proceedings in court. Transport also suggests that discovery regarding whether Wells Cargo has been subject to other administrative proceedings and did not request a defense would evidence Wells Cargo's understanding of the term "suit."

Transport has already made this argument in its summary judgment briefs. Moreover, Wells Fargo explains that prior testimony in this case already reveals that Wells Cargo understood Transport was no longer in business at the time of the prior administrative proceeding, which is why it did not request a defense. Wells Cargo found out otherwise later, and it now requests the defense from Transport. *Michael Decl*., Depo. Landrum Depo., Ex. 10, Dkt. 92-9. Under these circumstances, the Court is not persuaded that Transport needs to conduct discovery on the duty to defend issue.

### 3. Characterization of RI/FS Costs

Transport contends that the determination of whether the RI/FS expenses incurred at the North Maybe Mine are defense costs is an intensely factual inquiry. Transport argues that it must conduct discovery to determine whether the costs are defense costs or indemnity costs under the Transport policies. Transport claims that it requires discovery regarding the following topics: (1) what work has been performed; (2) what is the purpose of the work; (3) whether the work was reasonable and necessary to the defense of the insured; and (4) whether the work was performed to plan, design, or prepare for remediation of contaminated property.

Wells Cargo explains in detail that Transport already possesses the information it seeks. Transport has the Forest Service's 2010 Unilateral Administrative Order ("Unilateral Order") and the enclosed Statement of Work ("SOW"), and the June 2011 Final RI/FS Work Plan. *Wong Decl*. Ex. C, Dkt. 75-3. Wells Cargo explains that the Unilateral Order describes the Forest Service's findings and legal conclusions, describes the RI/FS work to be performed, and explains the procedural framework in which the work is to be performed. *Id*. The SOW describes the RI/FS work to be performed in greater detail, including instructions for determining, during the RI phase, the following: (1) characteristics of the Site, including its geology, hydrology, and hydrogeology; (2) the source, nature, extent, and volume of contamination; and (3) the nature and extent of migration and the fate and transport of contaminants. *Id*. The Final Work Plan provides a comprehensive description of what is currently known about the Site and how all phases of the RI/FS will be conducted. This is sufficient information to make the arguments, and a determination, about whether the RI/FS expenses incurred at the North Maybe Mine are defense costs.

Under these circumstances, the Court is not persuaded that Transport cannot present facts essential to justify its opposition to Wells Cargo's summary judgment motion without conducting further discovery. Accordingly, the Court will deny Transport's Rule 56(d) motion.

## ORDER

**IT IS ORDERED:**

1. Transport Insurance Company's Motion for Continuance Under Rule 56(d) (Dkt. 89) is **DENIED**.

2. The August 12, 2011 status conference is **VACATED**.

DATED: **August 10, 2011**

B. LYNN WINMILL
Chief U.S. District Court Judge