UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WELLS CARGO, INC., a corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSPORT INSURANCE COMPANY, a corporation,<br><br>　　　　　Defendant. | Case No. 1:08-CV-00491-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Transport Insurance Company's Motion for Partial Summary Judgment Regarding Duty to Defend (Dkt. 68), Transport Insurance Company's Motion for Partial Summary Judgment That RI/FS Costs Are Not Defense Costs (Dkt. 71), Transport Insurance Company's Request for Judicial Notice in Support of Motions for Partial Summary Judgment Regarding Duty to Defend and That RI/FS Costs Are Not Defense costs (Dkt. 74), Wells Cargo, Inc.'s Motion for Partial Summary Judgment (Dkt. 77), and Transport Insurance Company's Motion for Reconsideration (Dkt. 102). The Court heard oral argument on the motions on September 12, 2011 and now issues the following decision.

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman*

*Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002); *see also* Fed.R.Civ.P. 56(e). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id*. (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

In order to preserve a hearsay objection, "a party must either move to strike the affidavit or otherwise lodge an objection with the district court." *Pfingston v. Ronan Engineering Co.,* 284 F.3d 999, 1003 (9th Cir. 2002). In the absence of objection, the Court may consider hearsay evidence. *Skillsky v. Lucky Stores, Inc.,* 893 F.2d 1088, 1094 (9th Cir. 1990).

## BACKGROUND

The United States Department of Agriculture Forest Service brought a CERCLA action arising out of environmental pollution and contamination at the North Maybe Mine in Southeast Idaho. Plaintiff Wells Cargo is a party to the CERCLA action because it conducted mining operations at the mine from 1965 to 1967. Wells Cargo seeks coverage from Transport Insurance under policies Transport issued to Wells Cargo between 1961 and 1985. Wells Cargo seeks a declaration that Transport defend and indemnify it for the CERCLA action, as well as damages for breach of contract.

The Court and the parties agreed to divide the case into phases. The current phase of the litigation deals with three issues: (1) whether Transport has a duty to defend Wells Cargo in the underlying environmental proceeding under the Transport policies; (2) whether the amounts associated with and paid in connection with the Remedial Investigation and Feasibility Study ("RI/FS") constitute defense costs or indemnity costs under the terms of the Transport policies; and (3) the applicable law that will be applied to the two foregoing issues. The pending cross-motions for summary judgment address these three issues.

## ANALYSIS

**1.      Motion for Reconsideration**

As a preliminary matter, the Court will address Transport's motion to reconsider the Court's decision denying Transport's Rule 56(d) motion. A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be

MEMORANDUM DECISION AND ORDER - 4

corrected; and (2) Judicial efficiency demands forward progress. "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Essentially, Transport contends that Wells Cargo assured the Court that Transport had all the evidence it needed to address the cross-motions for summery judgment, but then objected to Transport's use of that evidence. Transport argues that Wells Cargo cannot have it both ways – Transport is either entitled to conduct discovery regarding the duty to defend and characterization of RI/FS expenses or rely on the evidence Wells Cargo assured the Court it had provided to Transport.

As made apparent below, the evidence at issue does not affect the Court's decision on the matters presently before the Court. Accordingly, Transport has not been denied the ability to rely on the evidence, and the motion to reconsider will be denied.

2.   **Cross-Motions for Summary Judgment**

Pending before the Court are cross-motions for summary judgment addressing three issues: (1) whether Transport has a duty to defend Wells Cargo in the underlying environmental proceeding under the Transport policies; (2) whether the amounts associated with and paid in connection with the Remedial Investigation and Feasibility

MEMORANDUM DECISION AND ORDER - 5

Study ("RI/FS") constitute defense costs or indemnity costs under the terms of the Transport policies; and (3) the applicable law that will be applied to the two foregoing issues. After determining the applicable law, the Court will address the first and second issues identified above.

### A. Idaho Law Governs.

Idaho applies § 193 of the Restatement (Second) of Conflict of Laws to resolve conflict of law issues involving insurance coverage. *Barber v. State Farm Mut. Auto. Ins. Co.*, 931 P.2d 1195, 1199 (Idaho 1997). "[T]he law of the state which is the principal location of the insured risk will be applied unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties. . . ." *Id*. (Internal citation and quotations omitted).

Transport ignores the presumption created by § 193, and suggests that the Court simply consider which state has the most significant contacts to the contract under § 188 of the Second Restatement of Conflict of Laws. Comment a to § 193 does recognize that there may be no principal location of the insured risk for things like ships, trucks and airplanes that are constantly on the move. Rest. 2d of Conflict of Laws § 193 cmt. a. And, in such cases, the law governing insurance contracts must be determined in accordance with § 188. However, such is not the case here. The insured risk was the environmental cleanup of an Idaho mining project; a risk which was clearly not movable. Accordingly, the presumption exists in this case.

Transport nevertheless contends that California has the most significant

MEMORANDUM DECISION AND ORDER - 6

relationship by suggesting that the policies were drafted in California, that Wells Cargo's former president attended Transport board meetings in California, and that the policies identified additional insureds in California. These arguments fall far short of overcoming the presumption that the principal location of the insured risk determines which law applies. Accordingly, the Court finds that Idaho law applies.

> B. **CERCLA Administrative Proceedings Initiated by PRP Letters Constitute "Suits" Under the Terms of the Policy.**

The parties agree that Transport has a duty to defend Wells Cargo against suits. However, the parties disagree about the meaning of the term "suits." Idaho has adopted a basic principle of insurance policy construction which requires a court to look at the plain meaning of policy language when the contract of insurance is unambiguous. *Aetna Cas. & Sur. Co., Inc. v. Pintlar Corp.*, 948 F.2d 1507, 1517 (9th Cir. 1991). The Ninth Circuit, in *Pintlar,* applied Idaho's plain meaning doctrine to determine that a PRP letter is similar to a complaint, and is therefore the effective commencement of a "suit" which triggers the duty to defend. *Pintlar*, 948 F.2d at 1517. In concluding that the EPA's administrative claims against an insured triggers the insurers' duty to defend, the Circuit indicated that coverage should not depend on whether the EPA chose to proceed with its administrative remedies or go directly to litigation. *Id*. The Circuit further observed that "[t]he rationale behind defending insureds when a complaint has been filed is that, traditionally, that is when the jeopardy to the insureds' rights can be adversely affected." *Id*. at 1517-18. It necessarily follows, that the "focus should be on the underlying rationale and not on the

formalistic rituals. If the threat is clear then coverage should be provided. The filing of an administrative claim is a clear signal that legal action is at hand." *Id*. Accordingly, CERCLA administrative proceedings initiated by PRP letters constitute "suits" pursuant to binding Ninth Circuit case law.

    C.    **Transport Has a Duty to Defend Wells Cargo.**

Wells Cargo points out several examples where the government asserted allegations which would raise the potential for property damage within the policy periods of the 1961 and 1966 policies. The Forest Service's Preliminary Assessment Report, which it enclosed with its February 24, 2004 letter identifying Wells Cargo as a PRP, alleged that Wells Cargo had dumped overburden contaminated with selenium onto land owned by the Forest Service in the Caribou National Forest during the period of 1965 to 1967. *Wells Aff.*, Ex. 1, pp. 2-1, 2-1, 2-4, Dkt. 77-3. The Preliminary Assessment asserted that selenium presents a "continuous release to the environment from weathering" and is of a "highly toxic nature at low concentrations." *Id*., at 3-1. In the October 31, 2005 letter, the Forest Service alleged that selenium releases occurred when the mining companies first placed the overburden in the dump sites and thereafter by plant uptake and leaching into water. *Id*., at Ex. 3. The Unilateral Order also alleged that the selenium and other hazardous substances in the waste shale "are dispersed to the surrounding environment, by dissolution into surface water or ground water, or through erosion, leading to contamination of soil and sediments down gradient of the Operable Unit." *Wells Aff.*, Ex. 5, Dkt. 77-5.

**MEMORANDUM DECISION AND ORDER - 8**

These allegations, if found to be true, create a potential for liability for property damage which would be covered by the Transport policies. Thus, Idaho law requires Transport to "immediately step in and defend" the CERCLA action. *Kootenai v. Western Cas. & Sur. Co.*, 750 P.2d 87, 90 (Idaho 1998). Both the 1961 and 1966 policies insure against "[l]oss of or damage to property" so long as the occurrence "take[s] place during the period the policy is in effect." *Policy Stipulations*, Exs. A & C, Dkts. 64-1 and 64-3. Both policies define occurrence as "a single happening or series of happenings which arise out of or due to one event." *Id*. This is enough to create a potential for coverage triggering Transport's duty to defend under both the 1961 and 1966 policies.

**D. RI/FS Costs Are Defense Costs.**

Transport contends that RI/FS costs may be covered, if at all, only as indemnity costs. Wells Cargo disagrees, arguing that Transport is obligated to pay Wells Cargo in connection with its duty to defend the CERCLA action. Wells Cargo suggests that by conducting the RI/FS, it is investigating and defending the CERCLA action in the same manner it would defend an environmental lawsuit. The Court agrees with Wells Cargo.

As noted by Wells Cargo, the 1961 and 1966 policies frame Transport's duty to defend as an obligation "[t]o investigate, negotiate settlement and defend suits." *Policy Stipulations*, Exs. A & C, Dkts. 64-1 and 64-3. Wells Cargo has prudently participated in the RI/FS process as a means of defending the CERCLA action. Wells Cargo cannot defend the action without investigating the contamination claims. The responsible path for Wells Cargo requires determination of the range of remedial alternatives most

MEMORANDUM DECISION AND ORDER - 9

cost-effective remedy for reducing liability.

Although case law on the issue is limited, the district court's decision in *Hi-Mill Mfg. Co. v. Aetna Cas. & Sur. Co.*, 884 F. Supp. 1109, 1116-17 (E.D. Mich. 1995) is instructive here.[1] In *Hi-Mill*, the district court ruled that the policyholder was entitled to summary judgment that the RI/FS costs it was incurring constituted defense costs. *Hi-Mill*, 884 F. Supp. at 116-17. The court stated that a policyholder's receipt of a PRP letter places it in a defensive position critically important for the policyholder to perform the RI/FS to participate in developing the administrative record. *Id*. at 1117. Because the policyholder "conducted an RI/FS study for the sole purpose of minimizing or absolving itself of liability," the RI/FS expenses "were expended in defense of the underlying CERCLA action." *Id*. at 1111. The same is true here.

The Court notes, however, that it does not, and in fact cannot at this point, specifically determine which cost items are defense costs. The Court can only rule that RI/FS costs generally are defense costs. Likely, the Court will need to conduct an evidentiary hearing to make specific findings on the issue at some point in the future.

### E.     Objections

Each party filed a number of objections to evidence offered by the other party regarding the cross-motions for summary judgment. The Court rules as follows on those objections:

---

[1] *Hi-Mill* was affirmed by the Sixth Circuit. 1996 WL 571140, at *4 (6th Cir. 1996).

1. Transport's objection to paragraph 3 of the Affidavit of Guy M. Wells in Support of Plaintiff's Motion for Partial Summary Judgment, and Exhibit 1 thereto is **overruled**. The Preliminary Assessment is authenticated by its distinctive characteristics and the like, including its substance, taken in conjunction with the fact that it was mailed to Mr. Wells. Fed. R. Evid. 901(b)(4). The PRP letter and Preliminary Assessment are also authenticated by Mr. Wells who received them in his capacity as President and CEO of Wells Cargo. Fed. R. Evid. 901 (b)(1). Further, the information is relevant and not hearsay because it describes the factual allegations asserted by the Forest Service in its CERCLA administrative proceeding against Wells Cargo, not to prove the truth of the matter asserted, but to establish the nature of the allegations made by the Forest Service and Wells Cargo's response and reaction to it. Fed. R. Evid. 801(c).

2. Transport's objection to paragraph 5 of the Affidavit of Guy M. Wells in Support of Plaintiff's Motion for Partial Summary Judgment, and Exhibit 3 thereto, is **overruled**. The Affidavit of Mr. Wells properly authenticated Exhibit 3 because the letter was submitted by the National Forest Service to Wells Cargo through Wells Cargo's agent. Fed. R. Evid. 901 (b)(1). The document is not inadmissible hearsay because it is submitted to establish the nature of the allegations made by the Forest Service rather than to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Finally, Exhibit 3 is

**MEMORANDUM DECISION AND ORDER - 11**

admissible despite the reference to settlement negotiations because it is not offered for purposes that are prohibited by Fed. R. Evid. 408(a).

3. All remaining objections are **deemed moot** because they do not affect the Court's decision on the cross-motions for summary judgment.

**ORDER**

**IT IS ORDERED:**

1. Transport Insurance Company's Motion for Partial Summary Judgment Regarding Duty to Defend (Dkt. 68) is **DENIED**.

2. Transport Insurance Company's Motion for Partial Summary Judgment That RI/FS Costs Are Not Defense Costs (Dkt. 71) is **DENIED**.

3. Transport Insurance Company's unopposed Request for Judicial Notice in Support of Motions for Partial Summary Judgment Regarding Duty to Defend and That RI/FS Costs Are Not Defense costs (Dkt. 74) is **GRANTED**.

4. Wells Cargo, Inc.'s Motion for Partial Summary Judgment (Dkt. 77) is **GRANTED** as explained above.

5. Transport Insurance Company's Motion for Reconsideration (Dkt. 102) is **DENIED**.

6. The parties objections are **OVERRULED** or **DEEMED MOOT** as explained above.

DATED: **October 26, 2011**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 13**