UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WELLS CARGO, INC., a corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRANSPORT INSURANCE COMPANY, a corporation, <br><br> Defendant. | Case No. 4:08-cv-00491-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Transport Insurance Company's Notice of Motion and Motion for Certification of Questions of Law to the Idaho Supreme Court, or in the Alternative, Certification for Interlocutory Appeal to the Ninth Circuit (Dkt. 112). The Court has determined that the decisional process will not be sufficiently aided by oral argument. Accordingly, the Court will decide the motion based on the briefs. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

The Court recently issued a Memorandum Decision and Order concluding that Transport has a duty to defend Wells Cargo in the underlying environmental proceeding under certain insurance policies, that the amounts paid in connection with the RI/FS

**MEMORANDUM DECISION AND ORDER - 1**

constitute defense costs, and that Idaho law applies to the foregoing two issues. In that decision, the Court also indicated that CERCLA administrative proceedings initiated by PRP letters constitute "suits" under the terms of the insurance policies.

Transport now wants the Court to certify two questions addressed in that decision to the Idaho Supreme Court or Ninth Circuit Court of Appeals. The first question is whether, under Idaho law, a non-judicial administrative proceeding under CERCLA constitutes a "suit" as that term is used in the insurance policies? The second question is whether, under Idaho law, the amounts associated with and paid in connection with an RI/FS during the course of a non-judicial administrative proceeding under CERCLA constitute "defense costs" under the terms of the Transport policies?

## LEGAL STANDARD

A United States district court may certify any interlocutory order for appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Idaho Appellate Rule 12.3 states that a federal district court may certify a question of law to the Idaho Supreme Court if (1) "[t]he question of law certified is a controlling question of law . . . as to which there is no controlling precedent in the decisions of the Idaho Supreme Court," and (2) "[a]n immediate determination of Idaho law with regard to the certified question would materially advance the orderly resolution of the litigation . . . ." Idaho App. R. 12.3(a).

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

**1.      Motion to Certify Questions to Ninth Circuit**

Pursuant to the final judgment rule contained in 28 U.S.C. § 1291, federal courts of appeal have jurisdiction over appeals from all final decisions of federal district courts. *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010); 28 U.S.C. § 1291. Typically, a party may appeal only from orders which "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Id.* (Internal citation omitted). A narrow exception to the final judgment rule is found in 28 U.S.C. § 1292(b). *Id.* Transport does not satisfy that narrow exception.

As explained above, a federal district court may certify any interlocutory order for appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) should be used only in exceptional situations where allowing an interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). Here, the questions presented by Transport do not involve a controlling question of law, and there is no substantial ground for difference of opinion.

A question of law is controlling when "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.* at 1026. This typically involves fundamental determinations like who are the necessary proper parties,

MEMORANDUM DECISION AND ORDER - 3

whether jurisdiction is proper, or whether state or federal law applies. *Id*. (Internal citation omitted). Here, the question of wether the CERCLA proceeding constitutes a "suit" that triggers Transport's duty to defend, and whether RI/FS expenses are defense or indemnity expenses, do not meet this standard. They are not determinative of whether Wells Cargo will prevail on its claims for a declaration that Transport has a duty to indemnify. They relate to the ongoing duty to defend while the case is pending.

Additionally, there is no substantial ground for difference of opinion on these issues. Courts must examine the extent to which a controlling law is unclear in order to determine if a substantial ground for difference of opinion exists under § 1292(b). *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*. (Internal quotations omitted). A substantial difference of opinion is not present simply because a court is the first to rule on the particular question or just because one party argues that one precedent is controlling. *Id*.

Here, the Ninth Circuit has already applied Idaho's plain meaning doctrine to determine that a PRP letter is similar to a complaint, and is therefore the effective commencement of a suit. *Aetna Cas. & Sur. Co., Inc. v. Pintlar Corp.*, 948 F.2d 1507, 1517 (9th Cir. 1991). Transport suggests that there is a post-*Pintlar* split of authority in Idaho on the issue, and that the Ninth Circuit should revisit *Pintlar* in light of those

MEMORANDUM DECISION AND ORDER - 4

authorities. Without a definitive take on the issue by the Idaho Supreme Court, the Ninth Circuit would be in no better position to address the issue today than it was when it issued *Pintlar*. Moreover, a section 1292(b) interlocutory appeal is not a tool for asking the Ninth Circuit to revisit its earlier precedent.

There is also no substantial ground for difference of opinion concerning the Court's determination that RI/FS costs are generally defense costs. Idaho courts may not have addressed the issue, but as noted above, a substantial difference of opinion is not present simply because a court is the first to rule on the particular question. *Couch*, 611 F.3d at 633. Moreover, the Court disagrees with Transport's assertion that *Pintlar* holds that RI/FS expenses are not defense costs. The Court does not read *Pintlar* to say that. In *Pintlar*, the Ninth Circuit rejected the insurers argument that damages do not include equitable relief; it did not state that RI/FS expenses are not defense costs.

Accordingly, the Court finds there is no question of controlling law upon which a substantial ground for difference of opinion exists. An immediate appeal of the Court's earlier order will not materially advance the ultimate termination of the litigation. The Court will not sanction an interlocutory appeal as a means of asking the Ninth Circuit to reconsider its earlier decision in *Pintlar*.

**2.    Motion to Certify Questions to Idaho Supreme Court**

The questions presented by Transport also do not satisfy Idaho Appellate Rule 12.3(a). The Court may certify a question of law to the Idaho Supreme Court if (1) "[t]he question of law certified is a controlling question of law . . . as to which there is no

**MEMORANDUM DECISION AND ORDER - 5**

controlling precedent in the decisions of the Idaho Supreme Court," and (2) "[a]n immediate determination of Idaho law with regard to the certified question would materially advance the orderly resolution of the litigation . . . ." Idaho App. R. 12.3(a). As explained above, the issues presented by Transport do not involve controlling questions of law. Thus, the first prong of the test is not met.

## ORDER

**IT IS ORDERED:**

1. Transport Insurance Company's Notice of Motion and Motion for Certification of Questions of Law to the Idaho Supreme Court, or in the Alternative, Certification for Interlocutory Appeal to the Ninth Circuit (Dkt. 112) is **DENIED**.



DATED: **February 13, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge